UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY                                    :
                                                     :  Docket No.:
                                                     :
                   Plaintiff,                        :
                                                     :  **COMPLAINT**
       -against-                                     :
                                                     :
                                                     :
                                                     :
EMPIRE CONTROL ABATEMENT, INC.,                      :
VICTOR CUEVA, METROPOLITAN TRANSIT                   :
AUTHORITY, NEW YORK CITY TRANSIT                     :
AUTHORITY, LONG ISLAND RAILROAD,                     :
STATION PLAZA I, LLC, 3RD TRACK                      :
CONSTRUCTORS, and GATEWAY                            :
DEMO/CIVIL CORP.,                                    :
                                                     :
                   Defendants.                       :
-------------------------------------------------------------X

   Plaintiff, American Empire Surplus Lines Insurance Company ("American Empire"), by its attorneys, L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for its Complaint against the defendants, Empire Control Abatement, Inc. ("Empire"), Victor Cueva, Metropolitan Transit Authority ("MTA"), New York City Transit Authority ("NYCTA"), Long Island Railroad ("LIRR"), Station Plaza I, LLC ("SPI"), 3rd Track Constructors ("3TC"), and Gateway Demo/Civil Corp. ("Gateway"), alleges, upon information and belief, as follows:

## PARTIES

   1.   Plaintiff, American Empire is an insurance company organized and existing under the laws of the State of Delaware, with its principal place of business in Ohio.

2. Upon information and belief, and at all times relevant, defendant Empire was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Queens County, New York.

3. Upon information and belief, and at all times relevant, defendant Victor Cueva is an individual residing in the State of New York.

4. Upon information and belief, and at all times relevant, defendant MTA was and still is a public benefit corporation organized and existing under the laws of the State of New York.

5. Upon information and belief, and at all times relevant, defendant NYCTA was and still is a public benefit corporation organized and existing under the laws of the State of New York.

6. Upon information and belief, and at all times relevant, defendant LIRR was and still is a public benefit corporation organized and existing under the laws of the State of New York.

7. Upon information and belief, and at all times relevant, defendant SPI was and still is a domestic limited liability company organized and existing under the laws of the State of New York, with its principal place of business in Nassau County, New York.

8. Upon information and belief, and at all times relevant, defendant 3TC, was and still is a domestic a joint venture duly registered to conduct business in Nassau County, New York.

9. Upon information and belief, and at all times relevant, defendant Gateway was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Nassau County, New York.

## JURISDICTION

10. This action is brought pursuant to 28 U.S.C. § 1332, 2201, and 2202 based on the diversity of citizenship of the parties, on common law, and seeks declaratory relief.

11. The amount in controversy in this action exceeds the sum or value of $75,000.

12. Venue is proper pursuant to 28 U.S.C. § 1391 as, upon information and belief, Empire's principal place of business is in Queens County, New York, and a substantial part of the events giving rise to the claim occurred in Nassau County and Queens County.

## FACTS

**The American Empire Policies**

13. American Empire issued a Commercial General Liability insurance policy to Empire, bearing Policy No. 18CG0221842 for the period June 26, 2018 to June 26, 2019 ("Primary Policy").

14. American Empire issued a Commercial Excess Liability insurance policy to Empire, bearing Policy No. 18CX0221843, for the same policy period ("Excess Policy").

15. The Primary Policy and the Excess Policy are hereinafter collectively referred to as the "American Empire Policies".

16. The premium charged for the American Empire Policies was to be computed as a percentage of the gross receipts of Empire during the policy period.

17. Based upon an estimate of Empire's gross receipts for the policy period, American Empire assigned an Advance Premium to the Primary Policy in the amount of $399,500, and assigned an Advance Premium to the Excess Policy in the amount of $171,830.

However, the Advance Premiums were subject to adjustment if an audit by American Empire revealed that the gross receipts exceeded the initial estimate of the same.

18.  In this regard, the Primary Policy provides, in pertinent part:

> **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**
>
> * * *
>
> **5. Premium Audit**
>
> a. We will compute all premiums for this Coverage Part in accordance with our rules and rates.
>
> b. Premium shown in this Coverage Part as advance premium is a deposit premium only. At the close of each audit period we will compute the earned premium for that period and send notice to the first Named Insured. The due date for audit and retrospective premiums is the date shown as the due date on the bill. If the sum of the advance and audit premiums paid for the policy period is greater than the earned premium, we will return the excess to the first Named Insured.
>
> c. The first Named Insured must keep records of the information we need for premium computation, and send us copies at such times as we may request.
>
> * * *

19.  The Primary Policy also contains an endorsement entitled: "Explanatory Policy Premium Endorsement", which provides, in pertinent part:

> The policy conditions relating to premiums shall be amended to incorporate the following:
>
> 1. It is understood and agreed that [the Primary Policy] is subject to a minimum policy premium as stated in the Declarations. If the policy remains in force until the expiration date of the policy, this minimum policy premium shall apply unless the audit condition of this policy develops a greater premium. In no event shall the premium be less than the minimum

policy premium should the policy remain effective the complete policy term.

\* \* \*

20. By way of the Common Policy Conditions, Empire "[i]s responsible for the payment of all premiums…."

21. The Common Policy Conditions further provide:

**C.    EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\* \* \*

22. In this regard, the Excess Policy provides, in relevant part:

2.    CONDITIONS

\* \* \*

B.    We will compute all premiums for this policy in accordance with our rules and rates.

\* \* \*

If this policy is subject to audit adjustment, the earned premium shall be computed in accordance with the rates and rating basis stated in the Declarations upon the expiration or cancellation of this policy.  If the earned premium is more than the ADVANCE PREMIUM shown in the Declarations, you shall promptly pay the excess amount to [American Empire] . . . The first named insured must keep records of the information that [American Empire] need[s] for the earned premium computation, and send [American Empire] copies of those records at such times as [American Empire] may request.  Any additional audit premium is due and payable immediately upon notice of such additional premium to the first named insured.

\* \* \*

G. Any conditions relating to premiums in the Underlying Insurance and in this policy shall be amended to incorporate the following:

1. The policy is subject to a MINIMUM POLICY PREMIUM as stated in the declarations. If the policy remains in force until the expiration date of the policy, this MINIMUM POLICY PREMIUM shall apply unless the premium audit condition (CONDITION B) of this policy develops a greater premium. In no event shall the premium be less than the MINIMUM POLICY PREMIUM should the policy remain effective the complete policy term.

\* \* \*

**Empire's Failure to Pay Additional Premium**

23. Matson Driscoll & Damico LLP, on behalf of American Empire, performed an audit of the financial records of Empire to determine its actual gross receipts during the policy period June 26, 2018 to June 26, 2019.

24. Pursuant to the audit, the additional premium owed under the Primary Policy was calculated to be $2,667,405, and $1,147,285 is due under the Excess Policy, for a total due and owing in the sum of $3,814,690.

25. Based upon the audit conducted, the total due to American Empire for additional premium under the above-referenced American Empire Policies is $3,814,690. To date, however, despite due demand, American Empire has yet to receive payment for the same.

26. As such, the current outstanding additional premium for the American Empire Policies is $3,814,690.

**The Cueva Action**

27. Upon information and belief, Victor Cueva claims to have sustained injuries on or about November 20, 2018 while performing construction-related work at 24 Covert Avenue,

New Hyde Park, New York as part of the LIRR Expansion Project from Floral Park to Hicksville.

28. Upon information and belief, Victor Cueva subsequently commenced an action entitled: "*Victor Cueva v. Metropolitan Transportation Authority, New York City Transit Authority, The Long Island Railroad Company, Station Plaza I, LLC, 3rd Track Constructors, and Gateway Demo/Civil Corp.,*" (Supreme Court of the State of New York, County of New York Index No. 155545/2019)(the "Cueva Action"), and defendants in the Cueva Action have impleaded Empire as a third-party defendant therein.

29. Upon information and belief, coverage under the American Empire Policies may be implicated relative to the Cueva Action.

## AS AND FOR A FIRST CAUSE OF ACTION

30. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

31. Via a letter dated February 2, 2021, the undersigned, on behalf of American Empire, demanded payment from Empire in the total amount due under the American Empire Policies.

32. To date, however, American Empire has not received payment in the amount owed.

33. As a result of Empire's refusal to pay the additional premium and applicable taxes and fees owed, American Empire has been damaged in the amount of $3,814,690, together with interest, costs, disbursements and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

34. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

35. Empire's failure to pay the additional premium due under the American Empire Policies violates the terms and conditions of the policies.

36. As such, American Empire respectfully requests that the Court declare that in the event Empire fails to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Empire, or any other person or entity seeking coverage under the American Empire Policies, relative to the Cueva Action, and/or any other occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies.

## AS AND FOR A THIRD CAUSE OF ACTION

37. American Empire repeats, reiterates and realleges each and every allegation of the preceding paragraphs as set forth herein, verbatim and fully at length.

38. Empire's failure to pay the additional premium due and owing under the American Empire Policies constitutes a breach of Empire's duty of good faith and fair dealing owed to American Empire with respect to the American Empire Policies.

39. As a result of Empire's breach of its duty of good faith and fair dealing, American Empire has no obligation to defend and indemnify Empire, or any other person or entity seeking coverage under the American Empire Policies, relative to the Cueva Action, and/or any other occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies.

**WHEREFORE**, American Empire respectfully requests that:

(a) The Court enter judgment against Empire in the sum of $3,814,690, plus interest, for the additional premium due and owing under the American Empire Policies;

(b) The Court enter judgment declaring that in the event Empire fails to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Empire, or any other person or entity seeking coverage under the American Empire Policies, relative to the Cueva Action, and/or any other occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies, based upon Empire's failure to comply with its obligations under the American Empire Policies;

(c) The Court enter judgment declaring that in the event Empire fails to pay the total amount owed in additional premium, American Empire has no obligation to defend and/or indemnify Empire, or any other person or entity seeking coverage under the American Empire Policies, relative to the Cueva Action, and/or any other occurrence, offense, claim or suit which has or may be reported to American Empire under the American Empire Policies, based upon Empire's breach of its duty of good faith and fair dealing;

(d) American Empire be awarded the costs and disbursements of this action; and

(e) American Empire shall have such other, further and different relief as this Court may deem just and proper.

Dated: Garden City, New York
February 22, 2021

                               L'ABBATE, BALKAN, COLAVITA
                                  &CONTINI, L.L.P.

*/s/ Maureen E. O'Connor*

By: MAUREEN E. O'CONNOR
    Attorneys for Plaintiff
    American Empire Surplus Lines
    Insurance Company
    1001 Franklin Avenue
    Garden City, New York 11530
    Tel.: (516) 837-7432
    moconnor@lbcclaw.com