FILED
CLERK

12:34 pm, Nov 03, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

AMERICAN EMPIRE SURPLUS LINES
INSURANCE COMPANY,

                Plaintiff,

    -against-

3RD TRACK CONSTRUCTORS and
GATEWAY DEMO/CIVIL CORP.

                Defendants.

------------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**

21-CV-953 (GRB)(JMW)

**Appearances:**

Maureen E. O'Connor
L'Abbate Balkan Colavita & Contini
*Attorneys For Plaintiff*
3 Huntington Quadrangle
Suite 102-S
Melville, NY 11747

Christine G. Shyu
Cullen & Dykman LLP
*Attorneys for Defendants MTA,
LIRR, Station Plaza I, LLC, 3rd
Track Constructors, and Gateway
Demo/Civil Corp.*
One Battery Park Plaza, 34th Floor
New York, NY 10004

**GARY R. BROWN**, **United States District Judge:**

In this action, which principally involves "alleged unpaid premiums and resultant coverage questions in connection with two commercial insurance policies," this Court resolved several motions and cross-motions for summary judgment contained in scores of documents comprising thousands of pages filed shortly before a final pre-trial conference in this case. *See* Docket Entry ("DE") 133 at 1; Electronic Order, dated September 26, 2023 (holding in abeyance final pre-trial

1

conference). Now, defendants 3rd Track Constructors and Gateway Demo/Civil Corp. (collectively "Coverage Defendants") seek reconsideration of the Court's Memorandum of Decision & Order, DE 133, familiarity with which is assumed.

Coverage Defendants' cross-motion for summary judgment was premised on several arguments, including that plaintiff American Empire was responsible for defense and coverage of these parties under an "Additional Insured Endorsement" to a general liability policy irrespective of whether the Empire Abatement—the party who had contracted with American Empire—had failed to pay the appropriate premiums in connection with that policy. DE 127-22 at 13 (plaintiff responsible for coverage and defense even "in the event that Empire Control fails to pay any premiums determined to be owed in this declaratory judgment action"). This argument—one of several in Coverage Defendants' cross-motion—was predicated upon a single decision from the First Department, holding that a "first named insured's failure to submit to a premium audit is not in this case a sufficient basis for the vitiation of coverage for additional insureds . . . ." DE 127-22 at 18 (citing *Am. Empire Surplus Lines Ins. Co. v. L&G Masonry Corp.*, 194 A.D.3d 401, 143 N.Y.S.3d 201, *leave to appeal dismissed sub nom. Am. Empire Surplus Lines Ins. Co. v. L & G Masonry Corp.,* 37 N.Y.3d 1039, 176 N.E.3d 301 (2021)). That decision is readily distinguishable. In *L&G Masonry*, refusal to provide coverage emanated from the first insured's refusal to submit to an audit; here, by contrast, it was undisputed that an audit had found an underpayment of premiums of nearly $4 million. *See American Empire Surplus Lines Ins. Co. v. Empire Control Abatement, Inc.*, No. 21-CV-953 (GRB)(JMW), 2023 WL 5831080, at *5 (E.D.N.Y. Aug. 31, 2023). Then, noting that "the law of this Circuit [provides] that 'an insurance coverage dispute may be resolved with a declaratory judgment, even when liability may be contingent,'" the Court held that:

> Of course, once the amount of the judgment is paid, American Empire will have the duties to defend and indemnify under the policy. Should defendant ECA fail to pay that judgment, of course, American Empire may apply for additional relief.

*Id.* at 6. Specifically, then, with respect to the Coverage Defendants' motion for summary judgment, the Court ruled:

> In New York, "an insurer's duty to defend is the same regardless of whether the defendant is a named insured in the policy or is instead an additional insured." *Wausau Underwriters Ins. Co. v. Old Republic Gen. Ins. Co.,* 122 F. Supp. 3d 44, 49 (S.D.N.Y. 2015); *Olin Corp. v. Ins. Co. of N. Am.,* 218 F. Supp. 3d 212, 224 (S.D.N.Y. 2016) ("Under New York law, when one party commits a material breach, the other party is relieved, or excused, from its further performance obligations.") (*purgandum*). The Coverage Defendants are, therefore, not entitled to a defense in the *Cueva* action unless and until ECA remits the premiums due to American Empire. *See Am. Empire Surplus Lines Ins. Co. v. Disano Demolition Co.,* No. 18-CV-5047(NGG)(CLP), 2021 WL 21722, at *1 (E.D.N.Y. Jan. 4, 2021) ("The court also DECLARES that American Empire has no duty to defend or indemnify Disano under the American Empire policies for which Disano failed to pay the premium.") (emphasis in original). Thus, once the premium is paid, American Empire's obligation to provide defense and indemnification shall continue; failing that, American Empire has no such obligation.

*Id.* at *8.

This Court's decision seemingly spurred the parties into action. Only days after the Court's August 30 Order, counsel for Empire Control asked the Court to refrain from entering judgment as the parties were endeavoring to settle the case. DE 134; DE 135. Most importantly, as counsel for Coverage Defendants acknowledge, American Empire and Empire Control resolved their differences, settling the claim for unpaid premiums. DE 139-2 at 8 ("American Empire and Empire Control has [sic] since come to a settlement agreement on the payment of premiums."). Unfortunately, and somewhat surprisingly, the voluntary resolution of the principal issues in the case did not entirely cease the litigative wrangling in the matter. Another set of parties, now freed from the dispute, sought and, over limited opposition, obtained entry of partial judgment. DE 144; DE 146; Electronic Order, dated October 30, 2023.

3

For their part, the Coverage Defendants submitted an arguably disingenuous motion for clarification, attempting to obtain an order construing this Court's decision as a declaration that the settlement of the premium dispute resolved all other coverage issues in the case. *See* DE 136. Without waiting for a response from the Court, the Coverage Defendants then filed the instant motion for reconsideration—ominously entitled their "*First* Motion for Reconsideration"—to the same end, and nearly contemporaneously therewith, filed a Notice of Appeal presumably seeking the same relief from the Second Circuit.[1]  DE 139; DE 141.

On its motion for reconsideration, Coverage Defendants continue to argue, as they did on summary judgment, that "American Empire's coverage obligations are not contingent on Empire Control's payment of premiums" and that "the Coverage Defendant's cross-motion for additional insured coverage should not have been denied based on Empire Control's breach of contract." DE 139-2 at 8-9; DE 142.  Such arguments, though, are textbook examples of contentions that have been rendered moot by actual events, and despite any theoretical fascination that these assertions may hold, the Court may not indulge in such hypothetical decision-making.  *See Muhammad v. City of New York Dep't of Corr.*, 126 F.3d 119, 123 (2d Cir. 1997) (Mootness "is a condition that deprives the court of subject matter jurisdiction").

Wishing it does not make it so, and despite the effort by counsel for the Coverage Defendants to overread it, this Court's ruling did not reach every aspect of the coverage disputes between plaintiff and the Coverage Defendants.  This Court's ruling that "once the premium is paid, American Empire's obligation to provide defense and indemnification shall continue,"

---

[1] While traditionally the filing of a Notice of Appeal would divest the district court of jurisdiction, the Second Circuit stayed the appeal pursuant to FRAP 4(a)4 pending the resolution of the instant motion for reconsideration.  *American Empire Surplus Lines Insurance Company v. Empire Control Abatement, Inc.*, No. 23-7254 (2d Cir. appeal filed Sept. 29, 2023) (DE 18).

cannot reasonably be read to have resolved the Coverage Defendant's claims, and counsel should know better.[2] Now that the premium dispute between the plaintiff and Empire Control has been resolved, there are apparently remaining complexities that require resolution. For its part, of course, particularly in light of the authorities supplied by Coverage Defendants concerning the broad construction of the duties to defend and indemnify under New York insurance law, *see* DE 139-2 at 17, any refusal by American Empire to provide appropriate coverage is done at its peril.

A party bringing a motion for reconsideration must identify an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). There is one way in which the Court's order was not absolutely clear, and in this regard, the motion for clarification will be granted: for avoidance of doubt, the denial of the cross-motion by Coverage Defendants was without prejudice to renewal if and when the premium dispute was resolved. While this was plainly implicit in the decision, now it is explicit.

*Conclusion*

The motions by Coverage Defendants for clarification and reconsideration are granted only to clarify that the denial of their cross-motion for summary judgment was without prejudice, and is in all other respects DENIED.[3] The parties are directed to meet and confer in a good faith effort

---

[2] In this regard, the argument by the Coverage Defendants that they are entitled to fees and costs in this action seems fairly well covered by the Court's order that "[a]ll parties shall bear their own fees and costs." *American Empire Surplus Lines Ins. Co.*, 2023 WL 5831080 at *9.

[3] While matters are being clarified, to the extent that the Coverage Defendants are seeking leave to appeal what is plainly an interlocutory determination, such leave is denied as they have satisfied none of the elements required. *See, e.g.*, *In re Brookhaven Nat'l Lab. Trichloroethylene Cases*, 514 F. Supp. 3d 546, 550 (E.D.N.Y. 2021) ("A district court may certify an order for interlocutory appeal where the order (1) 'involves a controlling question of law,' (2) 'as

to resolve the remaining disputes and provide a joint status letter to the Court within 14 days of the date of this Memorandum of Decision & Order.

**SO ORDERED.**

Dated:  November 3, 2023
       Central Islip, New York

                                              /s/ Gary R. Brown
                                              **HON. GARY R. BROWN**
                                              UNITED STATES DISTRICT JUDGE

---

to which there is substantial ground for difference of opinion,' and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]' 28 U.S.C. § 1292(b)").