**FILED**
**CLERK**

2/11/2026 1:12 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
AMERICAN EMPIRE SURPLUS LINES INSURANCE
COMPANY,

                                            Plaintiff,

       -against-


EMPIRE CONTROL ABATEMENT, INC., VICTOR
CUEVA, METROPOLITAN TRANSIT AUTHORITY,
LONG ISLAND RAILROAD, STATION PLAZA I, LLC,
3RD TRACK CONSTRUCTORS, and GATEWAY
DEMO/CIVIL CORP.,

                                      Defendants.
-------------------------------------------------------------------X
EMPIRE CONTROL ABATEMENT, INC.,

                                  Third-Party Plaintiff,

       -against-

PROFESSIONAL RISK PLANNERS, INC. and PAUL
DeMASI,

                                  Third-Party Defendants.
-------------------------------------------------------------------X

**MEMORANDUM OF**
**DECISION AND ORDER**

Civil Action
No. 21-953 (GRB) (JMW)

**GARY R. BROWN, United States District Judge**:

      Presently before the Court are cross motions for summary judgment filed by plaintiff

American Empire Surplus Lines Insurance Company ("American Empire") and defendants 3rd

Track Constructors ("3TC") and Gateway Demo/Civil Corp. ("Gateway," or collectively, the

"Coverage Defendants"). The Coverage Defendants seek a declaration that American Empire

must defend and/or indemnify them in an underlying personal injury action in state court, while

American Empire seeks a declaration that it is only required to defend Gateway pursuant to a

proposed reservation of rights, and that it is under no obligation to defend and/or indemnify 3TC.

1

For the reasons stated herein, American Empire is obligated to defend only Gateway in the underlying action.  As to American Empire's indemnity obligation, the Court declines to issue a declaration at this juncture.

## Factual Background

I.   *The Contracts*

On January 8, 2018, the Metropolitan Transit Authority ("MTA") entered into a construction contract with 3TC for a Long Island Railroad expansion project from Floral Park to Hicksville.  Docket Entry ("DE") 165-29 ¶ 4.  3TC then retained Gateway as a demolition subcontractor for the project.  *Id.* ¶ 5; DE 165-7.

Subsequently, Gateway retained Empire Control Abatement, Inc. ("ECA") to abate and dispose of asbestos, lead and other waste at the project site.  DE 165-29 ¶ 6.  The contract between Gateway and ECA (the "Gateway-ECA Contract") requires ECA to maintain liability insurance and to "name Owner and Contractor" as additional insureds.  DE 165-8 at 5.  The Gateway-ECA Contract defines "Contractor" as Gateway but leaves "Owner" undefined.  *See id.* at 1.

ECA then obtained a commercial general liability insurance policy from American Empire.  DE 165-29 ¶ 11.  American Empire's policy provides additional insurance coverage to any person or organization so long as (1) a written contract requires that person or organization to be added as an additional insured, and (2) the liability was "caused, in whole or in part" by ECA's acts or omissions or those acting on ECA's behalf.  *Id.*

II.   *The Underlying Action*

On November 20, 2018, Victor Cueva, an ECA employee, was injured while working at the project site.  *Id.* ¶ 2.  As a result, Cueva commenced an action against the MTA, Long Island

Railroad, Station Plaza 1, LLC, 3TC, and Gateway in the New York County Supreme Court (the "Underlying Action"). *Id.* ¶ 1. The defendants in that action brought a third-party complaint against ECA. *See* DE 165-39.

Following commencement of the Underlying Action, the Coverage Defendants tendered a demand for defense and indemnity to American Empire, arguing that they are covered as additional insureds under the American Empire policy. American Empire ultimately denied coverage. DE 165-29 ¶¶ 20-24. American Empire later issued an updated coverage position maintaining its denial of coverage as to 3TC but agreeing to defend Gateway pursuant to a reservation of rights. *Id.* ¶¶ 26-27, DE 165-33.

The parties continue to dispute whether American Empire must defend and/or indemnify the Coverage Defendants in the Underlying Action.

## Discussion

### I.    *Standard of Review*

This motion for summary judgment is decided under the oft-repeated and well understood standard for review of such matters, as discussed in *Bartels v. Inc. Vill. of Lloyd Harbor*, 97 F. Supp. 3d 198, 211 (E.D.N.Y. 2015), *aff'd sub nom. Bartels v. Schwarz*, 643 Fed. App'x 54 (2d Cir. 2016), which discussion is incorporated by reference herein.

### II.    *Duty to Defend*

Under New York law, "the duty of an insurer to defend its insured is 'exceedingly broad' and far more expansive than the duty to indemnify its insured." *High Point Design, LLC* v. *LM Ins. Corp.*, 911 F.3d 89, 94-95 (2d Cir. 2018). Because "[a]n insurer's duty to defend its insured is a contractual obligation," American Empire is only obligated to defend the Coverage Defendants if they qualify as additional insureds under the American Empire policy. *Atl. Cas.*

3

*Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013).

As stated above, whether the Coverage Defendants qualify as additional insureds is essentially a two-prong inquiry.

A. *Written Contract Requirement*

The first prong requires the Coverage Defendants to show that they are each "required by written contract to be added as an additional insured." DE 165-9 at 38. Both 3TC and Gateway assert that they satisfy the written contract requirement because the Gateway-ECA Contract provides that all insurance policies maintained by ECA must name "Owner and Contractor" as additional insureds.

American Empire admits that "the written contract requirement of the Additional Insured Endorsement is met as to Gateway" because the Gateway-ECA Contract explicitly requires that all insurance policies shall name "Contractor"– defined as Gateway in the contract – as an additional insured. *See* DE 165-8 at 5. However, the Gateway-ECA Contract does not explicitly require 3TC to be added as an additional insured. Instead, the only other person or organization required to be named as an additional insured under the contract is "Owner." Nevertheless, 3TC avers that the parties intended "Owner" to mean 3TC. American Empire disputes this interpretation.

"The construction of an insurance contract is ordinarily a matter of law to be determined by the court." *Travelers Prop. Cas. Co. of Am. v. Netherlands Ins. Co.*, No. 21-CV-6061 (PAE), 2023 WL 2339898 at *5 (S.D.N.Y. Mar. 1, 2023) (citation omitted). "When contract language is unambiguous, the district court [may] construe it as a matter of law and grant summary judgment accordingly." *Id.* (citation and internal quotations omitted).

4

Thus, the Court must first determine "whether the contract is unambiguous with respect to the question disputed by the parties." *Flynn v. McGraw Hill LLC*, 120 F.4th 1157, 1165 (2d Cir. 2024) (citations and internal quotations omitted). "A contract is unambiguous where the contract language has a definite and precise meaning, unattended by danger of misconception in the purport of the contract itself and concerning which there is no reasonable basis for a difference of opinion." *Id.* It is also well-settled that when analyzing whether contract language is ambiguous, "[w]ords and phrases are to be given their plain and ordinary meaning." *Summit Health, Inc. v. APS Healthcare Bethesda, Inc.*, 993 F. Supp. 2d 379, 390 (S.D.N.Y. 2014), *aff'd sub nom. APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, 725 F. App'x 4 (2d Cir. 2018).

The parties spill much ink debating whose interpretation of the term "Owner" is correct. However, "[l]anguage whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 99 (2d Cir. 2012) (citation and internal quotations omitted).

"Owner" is defined as one who possesses legal or rightful title to certain property. *See Owner*, MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/owner (last visited Jan. 30, 2026).[1] 3TC does not assert, nor could it, that it has any ownership interest in the premises where the project was taking place, or any other property at issue in this case.

The facts of this case also belie 3TC's argument. The MTA initially recruited 3TC to perform construction services at the project site, suggesting that 3TC exercised no dominion or control over the property. Also, the contract between 3TC and Gateway – which 3TC argues is

---

[1] "New York courts will commonly refer to dictionary definitions in order to determine [the plain and ordinary] meaning [of a word]." *Summit Health, Inc.*, 993 F. Supp. 2d at 390.

incorporated by reference in the Gateway-ECA Contract – defines the *MTA* as "Owner," not 3TC.  *See* DE 165-7 at 2.

Thus, 3TC's argument that "Owner" must refer to 3TC is incompatible with the plain and ordinary meaning of the term, which cannot be disregarded merely because 3TC offers a unique interpretation.  "Owner" in the Gateway-ECA Contract unambiguously refers to the MTA and not 3TC.  Accordingly, 3TC does not satisfy the written contract requirement and is not entitled to additional insured coverage under the American Empire insurance policy.

B.  *"Caused by" Requirement*

While American Empire concedes that Gateway satisfies the written contract requirement, American Empire is only obligated to provide a defense to Gateway if Gateway also satisfies the second prong of the additional insured definition.  The second prong of the analysis requires a showing that the injury alleged – Cueva's injury – was "caused, in whole or in part, by" the acts or omissions of ECA.  DE 165-9 at 38.

An insurer's "duty to defend is measured against the allegations of pleadings."  *Atl. Cas. Ins. Co. v. Value Waterproofing, Inc.*, 918 F. Supp. 2d 243, 252 (S.D.N.Y. 2013), *aff'd sub nom. Atl. Cas. Ins. Co. v. Greenwich Ins. Co.*, 548 F. App'x 716 (2d Cir. 2013) (citations and internal quotations omitted).  "Generally, where allegations in a complaint fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be, there is a duty to defend."  *Id.* (citations and internal quotations omitted).  "Indeed, the New York Court of Appeals has eschewed wooden application of the four corners of the complaint rule, in favor of a rule requiring the insurer to also provide a defense where, notwithstanding the complaint allegations, underlying facts made known to the insurer create a

6

reasonable possibility of coverage." *Roldan v. Lewis*, 735 F. Supp. 3d 163, 177 (E.D.N.Y. 2024) (citations and internal quotations omitted).

The New York Court of Appeals has found that "where an insurance policy is restricted to liability for any bodily injury 'caused, in whole or in part,' by the 'acts or omissions' of the named insured, the coverage applies to injury *proximately caused* by the named insured." *Burlington Ins. Co. v. NYC Trans. Auth.*, 29 N.Y.3d 313, 317 (2017) (emphasis added). Thus, American Empire's duty to defend in this case turns on whether there are sufficient allegations in the underlying pleadings establishing that ECA proximately caused Cueva's injury. *See Roldan*, 735 F. Supp. 3d at 177.

The third-party complaint filed against ECA in the Underlying Action alleges that Cueva sustained injuries while working at 124 Covert Avenue within the course of his employment with ECA. DE 165-39 ¶ 15. Moreover, the third-party complaint alleges that ECA was responsible "for performing inspections of the roof of the Premises to determine whether the roof was safe for its employees, including [Cueva], to work on." DE 165-39 ¶ 28. This allegation is bolstered by the Gateway-ECA contract itself, which provides that "prevention of accidents to workmen and others is the responsibility of [ECA]." DE 165-8 at 3.

Taken together, the underlying pleadings and facts sufficiently allege that ECA proximately caused Cueva's injury. *See Axis Constr. Corp. v. Travelers Indem. Co. of Am.*, No. 20-CV-1125 (DRH) (ARL), 2021 WL 3912562 at *9 (E.D.N.Y. Sept. 1, 2021) ("[A]n insurer may not legitimately ignore [allegations in a third-party complaint] in determining its obligation to defend."); *see also Colony Ins. Co. v. Sw. Marine & Gen. Ins. Co.*, No. 22-CV-1590 (KPF), 2024 WL 1195401 at *15 (S.D.N.Y. Mar. 19, 2024). Accordingly, Gateway has satisfied the "caused, in whole or in part, by" requirement.

7

Gateway has thus satisfied both prongs of the additional insured analysis and triggered the additional insured coverage of the American Empire policy.  As a result, American Empire must provide a defense to Gateway in the Underlying Action.  American Empire's request for a declaration that it need only provide a defense to Gateway pursuant to a reservation of rights is denied, and the reservation of rights is inefficacious.

### III.    *Duty to Indemnify*

"Generally, because a duty to indemnify is based on the facts established at trial and the theory under which judgment is actually entered in a case, it is often premature to issue a declaratory judgment as to the duty to indemnify before the basis for liability is established." *Pac. Emps. Ins. Co. v. St. Francis Care, Inc.*, 729 F. App'x 129, 130 (2d Cir. 2018) (citation and internal quotations omitted).

The Underlying Action has not yet been resolved, and its resolution hinges on facts not yet determined.  Accordingly, the Court declines to issue a declaration concerning the scope of American Empire's indemnity obligation at this juncture.  *See Ohio Sec. Ins. Co. v. Utica First Ins. Co.*, No. 24-CV-3971 (AS), 2025 WL 2323414 at *6 (S.D.N.Y. Aug. 12, 2025).

### IV.    *Asbestos Exclusion*

Gateway also seeks a declaration that American Empire is precluded from relying on the "Asbestos Exclusion" in the insurance policy to deny coverage for Gateway.  American Empire concedes that it "has not denied coverage for [ ] Gateway [ ] on the basis of the Asbestos Exclusion," but merely raised the exclusion's potential applicability in its reservation of rights. DE 165-43 at 11.  The Court has already determined that American Empire's proposed reservation of rights has no effect, and thus the asbestos exclusion is inapplicable.

8

## **Conclusion**

For the reasons set forth above, the Coverage Defendants' motion for summary judgment is GRANTED in part and DENIED in part.  American Empire's cross-motion for summary judgment is also GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: Central Islip, New York
       February 11, 2026

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

9